**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONTRELL COLLINS,<br><br>                    Petitioner,<br><br>        v.<br><br>MARTIN GAMBOA, Warden,<br><br>                    Respondent. | Case No. 1:25-cv-00206 KES FJS (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 22 |

Dontrell Collins is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge his conviction in Kern County Superior Court Case No. BF156917A for second degree murder and related charges. *See* Doc. 8. This matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 5, 2025, the magistrate judge found Collins was not entitled to habeas relief on the grounds raised in the first amended petition and recommended denial of the petition on the merits. Doc. 22 at 4-33. The findings and recommendations were served on all parties and contained a notice that any objections were to be filed within 21 after service. The Court also advised Collins that "failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.* at 34 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). Collins did not file objections, and the time to do so expired.

1

In accordance with 28 U.S.C. § 636 (b)(1), the Court conducted a de novo review.  Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Having found that Collins is not entitled to habeas relief, the Court must determine whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).  If a court denies a habeas petition on the merits, it may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.  In the present case, reasonable jurists would not find the determination that the petition should be denied debatable, wrong, or deserving of encouragement to proceed further.  Collins has not made the required substantial showing of the denial of a constitutional right.

The Court **ORDERS:**

1.    The findings and recommendations issued on November 5, 2025 (Doc. 22) are **ADOPTED** in full.

2.    The petition for writ of habeas corpus (Doc. 8) is **DENIED** with prejudice.

3.    The Clerk of Court is directed to enter judgment and close the case.

4.    The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   <u>March 30, 2026</u>

_____
UNITED STATES DISTRICT JUDGE

2